IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3223-BO

| | |
|---|---|
| KAMAL NASSEREE, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Defendant. ) | **ORDER** |

On November 7, 2011, Kamal Nasseree, an inmate housed at Rivers Correctional Institution ("Rivers"), filed this complaint. Compl., D.E.1. Now before the court is defendant's motion to dismiss, or alternatively, motion for summary judgment. Mot. to Dismiss, Summ. J., D.E. 26. Plaintiff was given proper notice and has filed a response. Roseboro letter, D.E. 28; Response, D.E. 29. In this posture, the matter is ripe for determination.

Issue

The claim which remains for resolution is brought under the Federal Tort Claim Act against defendant, the United States, for negligent supervision by federal employees, Tanya Matthewson and Thad Hubler, to protect the plaintiff's rights to be free from racial and religious discrimination. The plaintiff seeks monetary damages of $5 million.

Factual Discussion

Rivers is a fully-staffed, private correctional facility owned and operated by GEO. See Exhibit 1 at 1, Second Decl. Matthewson. GEO is responsible for addressing grievances and issues raised by Rivers' inmates pertaining to alleged misconduct by Rivers' staff. Id., Ex. 2 ("The contractor shall develop written Standards of Conduct on employee conduct, ethics and responsibility . . . The contractor shall refer allegations of employee . . . misconduct in accordance with procedures defined by BOP [and] shall cooperate fully with cognizant authority in any investigation

of alleged misconduct."). GEO has implemented an administrative remedy system designed to provide inmates with a mechanism for voicing grievances pertaining to their confinement at Rivers and obtaining appropriate remedies. Id., Ex. 4 ("In addition to the contractor's grievance policy, the contractor shall develop procedures for inmates to file administrative remedy appeals in accordance with 28 C.F.R. Part 542 ... The contractor shall stock and provide inmates with BOP administrative remedy forms."). The BOP contracts with GEO to house and provide care for inmates at Rivers on behalf of the BOP and in accordance with BOP policy. Id. at 1. The BOP reserves the right to have various staff on site to monitor contract performance. Id. Ex. 3, Contract Performance Section of the BOP/GEO contract.

Two of the BOP employees are Tanya Matthewson and Thad Hubler. Matthewson is the BOP Secure Oversight Monitor, whose office is located at Rivers. Id., ¶ 1. Her official duties include monitoring GEO's compliance with its contractual requirements pertaining to inmates at Rivers and reporting her findings to the BOP. Id., ¶ 2. Hubler is the BOP Senior Secure Institution Manager, who is also assigned to Rivers. Id. ¶ 6. His official duties include overseeing GEO's contract on behalf of the BOP. Id. Neither Matthewson nor Hubler's duties involve resolving inmates' grievances or issues pertaining to alleged misconduct by Rivers' staff, and they do not have the contractual right for supervisory responsibilities over Rivers' staff. Id.

On April 1, 2011, plaintiff alleged that Rivers Correctional Officer Lassiter, a GEO employee, made a derogatory comment towards him. Compl., D.E.1. Specifically, Officer Lassiter called the plaintiff a dog. Id. Rivers Officer Nelson, a GEO employee, reported the incident to the captain, a GEO employee, who later informed the plaintiff that Officer Lassiter was wrong. Id. On May 6, 2011, plaintiff alleged that he was wrongly placed in the Special Housing Unit ("SHU") for

2

reporting "violations made against him because of his race." Id. He remained in the SHU until May 19, 2011. Mem. in Supp., Decl. Matthewson, ¶ 5.

Legal Discussion

    a.    Motion to Dismiss

Defendant argues plaintiff's claim should be dismissed pursuant to Fed. R. Civ. P 12(b)(1), because this court lacks subject matter jurisdiction. When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Evans v. B. F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are alleged to be true and the plaintiff is afforded the same protections he or she would receive under a 12(b)(6) motion. Adams, 697 F.2d at 1219. The 12(b)(1) motion may alternatively attack the existence of subject matter jurisdiction in fact, apart from the complaint. Id. This type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996). Because the court's power to hear the case is at issue in a 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Adams, 697 F.2d at 1219. No presumptive truthfulness attaches to either party's claims. Id.

The FTCA's statute of limitations provides that a tort claim against the United States "shall be forever barred . . . unless action is begun within six months after the date of mailing . . . of notice

of final denial of the claim by the agency to which it was presented." 28 U.S.C.A. § 2401(b) (West 2006 & Supp. 2012). Failure to file a complaint within the limitations period warrants dismissal of the suit. Gould v. U.S. Dep't of Health & Human Servs., 905 F.2d 738, 742 (4th Cir.1990) (listing cases dismissing FTCA suits for failure to comply with the statute of limitations); accord Houston v. U.S. Postal Serv., 823 F.2d 896, 902 (5th Cir.1987) (holding that § 2401(b)'s requirements are jurisdictional and that "[e]quitable considerations that may waive or toll limitations periods in litigation between private parties do not have that same effect when suit is brought against the sovereign").

Plaintiff's claim appears to allege negligent supervision of officers who preclude him from his constitutionally protected right to be free from racial and religious discrimination. On May 16, 2011, plaintiff received a letter from the United States Department of Justice which denied his FTCA claim "Based on alleged discrimination on a basis of race and religion." The letter informed him that if he was not satisfied with the decision, he had the right to "file suit in the appropriate U.S. District Court not later than six months after the date of the mailing of this notice." Compl., attached letter, and Mem. in Supp. Mot. to Dismiss, Ex. 3. This suit was filed here, in the United States District Court for the Eastern District of North Carolina, on November 7, 2011. Compl., D.E.1. This is within the statutory six month period of time. Thus, dismissal of the action as time barred at this juncture is not appropriate. The motion to dismiss based on jurisdiction is DENIED.

  b. Motion for Summary Judgment

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact.

4

Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading. Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted & emphasis removed). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., 475 U.S. at 586-587.

Plaintiff has failed to prove that the alleged violations were committed by employees of the United States. The FTCA provides a limited waiver of United States' sovereign immunity for the negligent or wrongful acts or omissions by any employee or agent of the United States acting within the scope of employment. See 28 U.S.C. § 1346 (b)(1). An employee of the government includes "officers or employees of any federal agency." 28 U.S.C. § 2671. A federal agency "does not include any contractor with the United States." Id.

In Holly v. Scott, 434 F.3d 287 (4th Cir. 2006), the Fourth Circuit held that defendants, who were GEO employees, were not "federal officials, federal employees or even independent contractors" and that defendants were employed by GEO, a private corporation under contract with the federal government. Id. at 292. Therefore, if the United States is immune from suit for the actions of the person who allegedly caused the direct harm, "it is also immune from suit for his negligent supervision because, without underlying activities and violations, there would be no cause of action for negligent supervision at all." Perkins v. United States, 55 F.3d 910, 916-17 (4th Cir. 1995). Plaintiff's claim is based upon alleged misconduct committed by federal employees. However, GEO employees do not fall within the definition of federal employees and liability for

5

their alleged violations does not attach to the United States. Furthermore, as stated above, neither Matthewson nor Hubler's duties involve resolving inmates' grievances or issues pertaining to alleged misconduct by Rivers' staff, and they do not have the contractual right for supervisory responsibilities over Rivers' staff. Therefore, the plaintiff's FTCA claims are barred.

Conclusion

Accordingly, the motion to dismiss or, alternatively, for summary judgment [D.E. 26] is GRANTED, and the case is DISMISSED in its entirety. The case is CLOSED.

SO ORDERED. This the _18_ day of February 2015.

*Terence Boyle*
TERRENCE W. BOYLE
United States District Judge